UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| B.B.,<br><br>                            Plaintiff,<br><br>      -against-<br><br>THE NEW SCHOOL,<br><br>                            Defendant. | 1:17-cv-08347-AT |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION FOR A STAY OF DISCOVERY**

WARD GREENBERG HELLER & REIDY LLP
1800 Bausch & Lomb Place
Rochester, New York 14604
(585) 454-0700

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ..................................................................................................................ii

PRELIMINARY STATEMENT .......................................................................................................... 1

FACTUAL AND PROCEDURAL BACKGROUND ........................................................................ 1

ARGUMENT ........................................................................................................................................... 4

    A.   The Motion to Dismiss is Potentially Dispositive and Well Supported ............................ 4

    B.   Responding to Discovery Would be Unnecessarily Burdensome .................................... 6

    C.   A Stay of Discovery Will Not Prejudice Plaintiff ................................................................ 7

CONCLUSION ....................................................................................................................................... 8

# **TABLE OF AUTHORITIES**

**Cases**                                                                                                                                  **Page**

*Anti-Monopoly, Inc. v. Hasbro, Inc.,* 94-cv-2120, 1996 U.S. Dist.
   LEXIS 2684 (S.D.N.Y. March 6, 1996) ..............................................................................1

*Bethpage Water Dist. v. Northrop Grumman Corp.,* 13-cv-6362,
   2014 U.S. Dist. LEXIS 168468 (E.D.N.Y. Dec. 3, 2014) ..................................................4

*Boelter v. Hearst Communs., Inc.,* 15-cv-3934, 2016 U.S. Dist.
   LEXIS 12322 (S.D.N.Y. Jan. 28, 2016) ..................................................................... 1, 4, 6

*Doe v. Columbia Univ.,* 101 F. Supp. 3d 356 (S.D.N.Y. 2015) ................................................5, 6

*Gandler v. Nazarov,* 94-cv-l2272, 1994 U.S. Dist. LEXIS 17885
   (S.D.N.Y. Dec. 13, 1994)....................................................................................................6

*Hong Leong Fin. Ltd. v. Pinnacle Performance Ltd.,* 297 F.R.D. 69
   (S.D.N.Y. 2013) .................................................................................................................4

*In re WRT Energy Sec. Litig.*, No. 96-cv-3610, 1996 U.S. Dist.
   LEXIS 14899 (S.D.N.Y. Oct. 9, 1996)...............................................................................1

*Negrete v. Citi Bank, N.A.,* 15-cv-7250, 2015 U.S. Dist. LEXIS
   163773 (S.D.N.Y. Dec. 4, 2015).................................................................................... 1, 4

*Niv v. Hilton Hotels Corp.,* 06-cv-7839, 2007 U.S. Dist. LEXIS
   12776 (Feb. 15, 2007).........................................................................................................7

*Rivera v. Heyman,* 96-cv-4489, 1997 U.S. Dist. LEXIS 2003
   (S.D.N.Y. Feb. 27, 1997)....................................................................................................6

*Spencer Trask Software & Info Servs. v. RPost Int'l,* 206 F.R.D.
   367 (S.D.N.Y. 2002)...................................................................................................... 1, 4

*Spinelli v. NFL,* 13-cv-7398, 2015 U.S. Dist. LEXIS 155816
   (S.D.N.Y. Nov. 17, 2015) ............................................................................................. 1, 7

*Weser v. Glen,* 190 F. Supp. 2d 385 (E.D.N.Y. 2002)
   *aff'd* 41 F. App'x 521 (2d Cir. 2002) ................................................................................5

**Statutes and Other Authorities**

Federal Rules of Civil Procedure 12(b)(6) ..................................................................................3

Federal Rules of Civil Procedure 26(c)..................................................................................1, 4

## PRELIMINARY STATEMENT

Defendant The New School ("TNS") submits this Memorandum of Law in support of its motion, pursuant to Federal Rule of Civil Procedure 26(c), for a stay of discovery pending the resolution of its motion to dismiss.[1] Although "the issuance of a stay is by no means automatic" (*In re WRT Energy Sec. Litig.*, No. 96-cv-3610, 1996 U.S. Dist. LEXIS 14899, at *2 (S.D.N.Y. Oct. 9, 1996)), courts in this District regularly stay discovery to adjudicate motions to dismiss where "good cause" is shown.[2] The strength of TNS's arguments in favor of dismissal, and the absence of any prejudice to plaintiff from a short delay while the motion is adjudicated, warrant a stay of discovery under the applicable legal authority discussed below.

## FACTUAL AND PROCEDURAL BACKGROUND

On April 24, 2017, plaintiff was advised in writing that another TNS student had accused him of violating TNS's Sexual Misconduct Policy, and its Student Code of Conduct. Two days later, plaintiff met with a TNS Title IX Coordinator to discuss the allegations and review TNS's Non-Academic Disciplinary Procedures, which would govern the adjudication of the complaint. After the April 26 meeting, plaintiff received a copy of the Title IX Coordinator's meeting notes, as well as the notes from the Title IX Coordinator's meeting with the reporting party. Plaintiff was afforded the opportunity to make revisions and corrections to the notes from his meeting (which he did), and also was given the opportunity to submit whatever documentation or information he thought was relevant to the Title IX Coordinator's investigation (which he did).

---

[1] The Court has granted TNS permission to file its motion to dismiss on or before January 26. (*See* Dkt. 15).

[2] *See, e.g.*, *Boelter v. Hearst Communs., Inc.*, 15-cv-3934, 2016 U.S. Dist. LEXIS 12322, at *15-16 (S.D.N.Y. Jan. 28, 2016) (staying discovery pending adjudication of motion to dismiss); *Negrete v. Citi Bank, N.A.*, 15-cv-7250, 2015 U.S. Dist. LEXIS 163773 (S.D.N.Y. Dec. 4, 2015) (same); *Spinelli v. NFL*, 13-cv-7398, 2015 U.S. Dist. LEXIS 155816 (S.D.N.Y. Nov. 17, 2015) (same); *Spencer Trask Software & Info Servs. v. RPost Int'l*, 206 F.R.D. 367 (S.D.N.Y. 2002) (same); *see also Anti-Monopoly, Inc. v. Hasbro, Inc.*, 94-cv-2120, 1996 U.S. Dist. LEXIS 2684 (S.D.N.Y. March 6, 1996) (staying discovery related to the claims subject to pending dispositive motion).

On May 2, plaintiff advised TNS that he retained counsel, and he requested (and received) an extension of time to submit documentation and a written statement to the Title IX Coordinator. Plaintiff thereafter submitted photographs, text messages, and Facebook posts, as well as a written statement in support of his defense. Plaintiff and his attorney also availed themselves of the opportunity to conduct an in-person review of the entire investigation file, which included all of the materials submitted by plaintiff, all of the materials submitted by the reporting party, and the Title IX Coordinator's notes from interviews with plaintiff, the reporting party, and another student who offered information to the Title IX Coordinator.

On May 11, TNS sent a multi-page, single-spaced letter to plaintiff detailing the reporting party's allegations and reminding plaintiff of the particular provisions of University policy that he could be found to have violated. The letter also advised that plaintiff's disciplinary hearing was scheduled for May 16. At that hearing, a five-member Disciplinary Review Panel heard statements from the reporting party and another student, as well as from plaintiff. The Review Panel also reviewed plaintiff's written submission and all of the documentation he had submitted to the Title IX Coordinator. Plaintiff received written notice the following day that the Review Panel found him *not* responsible for Sexual Assault—the most serious "charge" that carried with it the potential for expulsion. The Review Panel did, however, find plaintiff responsible for acts constituting Non-Consensual Sexual Contact, Sexual Exploitation, and Domestic Violence, as well as other conduct violations under the Student Code of Conduct.

As a result of the Review Panel's determinations, plaintiff received a one-year suspension, effective Summer 2017. Although not required to do so, TNS elected to delay the effective date of

the suspension for approximately two weeks so plaintiff could complete his remaining coursework for the Spring 2017 semester.[3]

On June 1, 2017, plaintiff submitted an appeal letter to TNS's Vice President of Student Success. In that letter, plaintiff largely disregarded the acceptable bases for an appeal set forth in the applicable TNS Policy, and instead took the opportunity to reassert the arguments he made to the Review Panel concerning the evidence. On June 14, 2017, plaintiff and his attorney were advised in writing that plaintiff's appeal had been denied.

Four months later—literally on the eve of the statute of limitations deadline—plaintiff commenced an Article 78 special proceeding against TNS by filing a proposed Order to Show Cause and Verified Petition with the Clerk of the Supreme Court, New York County. TNS promptly removed the proceeding to this Court. (Dkt. 1). Shortly thereafter, TNS advised plaintiff's counsel in writing that it intended to file a FRCP 12(b)(6) motion due to numerous pleading deficiencies in the Verified Petition.

In response to TNS's pre-motion letter, plaintiff sought and was granted a three-week extension to file an Amended Complaint (Dkt. 10, 11), which plaintiff filed on November 29. TNS thereafter requested permission to file a motion to dismiss in a letter to the Court that outlined the pleading deficiencies remaining in the Amended Complaint. (Dkt. 13). The Court granted TNS's request to file a motion to dismiss, setting a January 26, 2018 filing deadline and scheduling the motion to be fully submitted by February 16. (Dkt. 15).

---

[3] As articulated in the notice letter to plaintiff (*see* Dkt. 1-3, pp. 42-44), it is The New School's expectation that he will use the next year to seek professional treatment for the behaviors leading to his suspension. Should plaintiff choose to return to TNS in the Fall of 2018, he must authorize the TNS Counseling Center to speak with said medical provider; if readmitted, plaintiff also will remain on probationary status at the School.

## ARGUMENT

FRCP 26(c) allows courts to stay discovery "for good cause," which "may be shown where a party has filed a dispositive motion, the stay is for a short period of time, and the opposing party will not be prejudiced by the stay." *Boelter v. Hearst Communs., Inc.*, 15-cv-3934, 2016 U.S. Dist. LEXIS 12322, at *13 (S.D.N.Y. Jan. 28, 2016) (Torres, J.) (*citing Spencer Trask Software & Info Servs., LLC v. RPost Int'l Ltd.*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002)). In deciding whether to grant a stay, courts consider three factors: (1) "whether a defendant has made a strong showing that the plaintiff's claim is unmeritorious," (2) "the breadth of discovery and the burden of responding to it," and (3) "the risk of unfair prejudice to the party opposing the stay." *Negrete v. Citi Bank, N.A.*, 15-cv-7250, 2015 U.S. Dist. LEXIS 163773, at *2 (S.D.N.Y. Dec. 7, 2015). These factors compellingly favor a stay here.

### A. The Motion to Dismiss is Potentially Dispositive and Well Supported

A motion to dismiss "is sufficient to support a stay [when] it 'is potentially dispositive, and appears to be not unfounded in the law.'" *Negrete*, 2015 U.S. Dist. LEXIS 163773, at *3 (*citing Bethpage Water Dist. v. Northrop Grumman Corp.*, 13-cv-6362, 2014 U.S. Dist. LEXIS 168468, at *6 (E.D.N.Y. Dec. 3, 2014)); *accord Hong Leong Fin. Ltd. v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013). The proposed motion to dismiss, which the Court already has granted TNS permission to file, easily satisfies this threshold.

On November 3, 2017, pursuant to this Court's Individual Practices, TNS wrote to plaintiff's counsel to describe numerous pleading deficiencies in plaintiff's Verified Petition (Dkt. 1-3) that warranted dismissal of plaintiff's action in its entirety. If plaintiff had disagreed with TNS's assessment of the pleading inadequacies, the Court's Individual Practices allowed him to stand on his pleading "as is." Instead, impliedly agreeing with TNS's assessment that the Verified

4

Petition was defective, plaintiff amended his pleading. (Dkt. 12). A brief summary of the amendments shows that they are remarkably minor, and quite superficial:

- Paragraphs 1 and 2: Plaintiff added two paragraphs to the beginning of the pleading under the "Nature of Action" heading. (Dkt. 12, ¶¶ 1-2). These paragraphs are introductory, conclusory, and superfluous.

- Paragraphs 22-31: Plaintiff added ten paragraphs to the pleading by copying and pasting the University definition for each "charge" for which he was found responsible. After quoting each definition, he repeats this conclusory refrain: "The finding of guilt by Defendant of [NAME OF CHARGE] states no time, place or details of any action by Plaintiff that fit the definition as set forth in the Sexual Misconduct and Violence Policy." (*See* Dkt. 12, ¶¶ 22-31). This repetitive allegation is irrelevant to the issues of alleged sex discrimination and breach of contract. Indeed, plaintiff cites no support for the notion that any TNS policy required the determination letter to summarize the dispositive evidence. Nor does he plead any fact plausibly supporting the notion that the "failure" to set forth the Review Panel's factual findings had anything to do with plaintiff's gender.

- Paragraph 54: Plaintiff added a paragraph under his Title IX "count" that simply quotes from guidance from the U.S. Department of Education, Office for Civil Rights. (Dkt. 12, ¶ 54). This addition does not constitute a "fact," much less a fact that could plausibly support a claim; it is simply a recitation of law.

- Paragraph 59: Plaintiff added the following allegation to his Title IX "count": "Defendant's stated policies and procedures demonstrate Defendant's gender-bias practice with respect to respondents, *who are invariably male students*, accused of sexual misconduct . . . ." (Dkt. 12, ¶ 59 [italics added]). As implied in the italicized language, what plaintiff is actually asserting here is that TNS's policies had a disparate impact on male students. Of course, this is a speculative, wholly conclusory assertion not entitled to the presumption of truth on a motion to dismiss. And in any event, "Title IX does not provide a private right of action to challenge disciplinary policies based on disparate impact." *Doe v. Columbia Univ.*, 101 F. Supp. 3d 356 (S.D.N.Y. 2015); *accord Weser v. Glen*, 190 F. Supp. 2d 384, 395 (E.D.N.Y. 2002), *aff'd*, 41 F. App'x 521 (2d Cir. 2002). This allegation adds nothing to plaintiff's Title IX claim.

- Paragraph 60: Plaintiff added a paragraph alleging that he was "discriminated against . . . on the basis of his sex [resulting in] an erroneous and adverse outcome." (Dkt. 12, ¶ 60). This allegation—which simply states an element of his claim in equally conclusory fashion—is followed by 4-point list of grievances that are not capable of stating a Title IX claim under *Doe v. Columbia Univ.,* 831 F.3d 46 (2nd Cir. 2016), because they are either objectively false as a matter of law (like his contention about TNS's purported "lack of jurisdiction") or irrelevant to the issue of gender discrimination (like his summary of the May 11, 2017 notification letter).

5

> If any of plaintiff's pleading revisions are deemed relevant to his Title IX claim, it would be paragraph 60. Yet, this paragraph comes nowhere near the pleading requirements set forth in *Columbia Univ.*

- Paragraph 66: in this newly added paragraph under plaintiff's Breach of Contract "count," plaintiff simply quotes from one of TNS's student policies for the proposition that he had "the right to 'participate in a process that is fair, impartial, and provides adequate notice and a meaningful opportunity to be heard.'" (Dkt. 12, ¶66). This undisputed proposition adds nothing to the breach of contract claim because the quoted provision is too general to form the basis of an actionable contractual right.

- Paragraph 67: in this newly added paragraph under plaintiff's Breach of Contract "count," plaintiff alleges (again) that TNS "failed to apply the definitions" for the charges for which he was found responsible. This one-sentence allegation is conclusory; plaintiff does not describe how or in what way the charge definitions were misapplied. Tellingly, at no point does plaintiff actually allege that the definitions were misapplied; he alleges only that the May 17 determination letter did not sufficiently articulate the Review Panel's rationale.

This handful of newly added paragraphs, in short, does nothing to address the fatal pleading defects outlined in TNS's pre-motion letter (Dkt. 13), which cites compelling legal authority that will be amplified in the motion to dismiss. For purposes of the requested stay, it suffices to say that the motion plainly is not "unfounded in the law." The Court's decision on TNS's motion likely will pare down plaintiff's claims at a minimum, or possibly result in dismissal of the action in its entirety.

### B. Responding to Discovery Would be Unnecessarily Burdensome

Granting a stay of discovery while a motion to dismiss is pending "might avoid the need for costly and time-consuming discovery[.]" *Gandler v. Nazarov*, 94-cv-2272, 1994 U.S. Dist. LEXIS 17885, at *12 (S.D.N.Y. Dec. 13, 1994). Discovery completed prior to the Court's decision on TNS's motion to dismiss could be rendered moot, unnecessary, and wasteful. Thus, "ordering discovery to proceed at this time would result in an excessive burden on Defendant." *Boelter*, 2016 U.S. Dist. LEXIS 12322, at *15-16 (Torres, J.)*; accord Rivera v. Heyman*, 96-cv-4489, 1997 U.S.

6

dist. LEXIS 2003, at *3 (S.D.N.Y. Feb. 27, 1997) ("Given that disposition of the motion may significantly narrow, if not eliminate, the issues remaining in the case, proceeding with discovery while the motion is pending would waste the parties' resources and would constitute an undue burden on defendants.").

This burden is particularly acute for a non-profit educational institution like TNS, which faces multiple demands on its limited resources. In the absence of a stay, the burden of collecting documents, responding to discovery, and appearing for depositions here will fall on the shoulders of educators in the middle of the semester—when their focus should be their students. And if, as TNS believes, plaintiff's claims are dismissed on motion, then all discovery-related efforts will have served no useful purpose.

### C. A Stay of Discovery Will Not Prejudice Plaintiff

The requested stay will not prejudice plaintiff in the least. Unfair prejudice does not result simply from delay caused by a discovery stay; rather, a plaintiff must specifically articulate some reason to believe that unfair prejudice will result. *See Spinelli v. NFL*, 13-cv-7398, 2015 U.S. Dist. LEXIS 155816, at * 6 (S.D.N.Y. Nov. 17, 2015) ("At this stage of the litigation, with the viability of the new Complaint unresolved, a delay in discovery, without more, does not amount to unfair prejudice."); *Niv v. Hilton Hotels Corp.*, 06-cv-7839, 2007 U.S. Dist. LEXIS 12776, at *9-10 (Feb. 15, 2007) ("The plaintiffs have not sought to identify any prejudice they might suffer as a result of the protective order the defendants seek. Rather, they ask the Court to expand the presumption of prejudice caused by a plaintiff's unreasonable delay in prosecuting a case . . . The Court declines to do so. To presume that an order made pursuant to Rule 26(c) would result in prejudice would be to significantly restrict the effectiveness of Rule 26(c).").

The motion to dismiss will be fully submitted within a month, on or before February 16, 2018 (Dkt. 15), and decided thereafter. When considering the insignificance of this short delay, TNS asks the Court to note also that plaintiff did not commence the case against TNS until October 2017, on the eve of the expiration of the limitations period applicable to New York Article 78 proceedings, even though the disciplinary process had concluded on June 14, and he had been represented by counsel since May. Alternatively stated, plaintiff's four-month delay in commencing his action was longer than the anticipated length of the requested stay. Moreover, unlike certain Title IX plaintiffs who seek swift reinstatement, plaintiff did not move for a preliminary injunction or any similar relief that would suggest some unique need for haste.

## CONCLUSION

For the foregoing reasons, The New School respectfully requests that its motion for a stay of discovery be granted.

Dated: January 17, 2018                                 WARD GREENBERG HELLER & REIDY LLP


By:    /s/ Joshua M. Agins
          Thomas S. D'Antonio
          Joshua M. Agins
1800 Bausch & Lomb Place
Rochester, New York 14604
Telephone: (585) 454-0700
tdantonio@wardgreenberg.com
jagins@wardgreenberg.com